UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRUSTEES OF THE IBEW LOCAL 400 WELFARE, PENSION, ANNUITY, SUPPLEMENTAL, AND JOINT APPRENTICESHIP TRAINING FUNDS, for and on behalf of themselves and said Funds, and the Board of Trustees,<br><br>Plaintiff,<br><br>v.<br><br>ELECTECH CORP, et al.,<br><br>Defendants. | Civil Action No. 16-4792 (MAS) (TJB)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court on Plaintiff Trustees of the IBEW Local 400 Welfare, Pension, Annuity, Supplemental, and Joint Apprenticeship Training Funds' ("Plaintiff") Motion for Default Judgment. (ECF No. 6.) Defendants Electech Corp. ("Electech") and Joseph R. Cuccia ("Cuccia") (collectively, "Defendants") did not file opposition. The Court has carefully considered Plaintiff's submission and decides the matter without oral argument pursuant to Local Civil Rule 78.1.

Rule 55 of the Federal Rules of Civil Procedure allows for the entry of default judgment against a party who has failed to plead or otherwise defend claims asserted against it. "[T]he entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). Before a court can award default judgment, it must consider "whether the moving party's complaint establishes a legitimate cause of action." *La. Counseling & Family Servs., Inc. v. Makrygialos, LLC*, 543 F. Supp. 2d 359, 365 (D.N.J. 2008) (citation omitted). "A consequence of the entry of a default judgment is that 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)

(citation omitted). Rule 55(b)(2)(B) specifies that "the court may conduct hearings . . . when . . . it needs to . . . determine the amount of damages" owed to a party after entry of default judgment. Fed. R. Civ. P. 55(b)(2)(B). Damages, however, may be determined without a hearing "as long as [the court] ensure[s] that there [is] a basis for the damages specified in the default judgment." *Malik v. Hannah*, 661 F. Supp. 2d 485, 493 (D.N.J. 2009) (citation omitted).

Here, Plaintiff brings a three-count action arising from Defendants' failure to make fringe benefit contributions to Plaintiff with respect to eligible participants under ERISA. (Compl. ¶¶ 16-17, ECF No. 1.) The three counts consist of the following causes of action: (1) a claim against Electech pursuant to 29 U.S.C. §§ 1132(g)(2), 1145; (2) a claim against Cuccio for his misuse of Electech "to advance his own interests"; and (3) a claim against Cuccio for breach of fiduciary duty. (*Id.* ¶¶ 14-34.) Additionally, Defendants were properly served as counsel for Defendants expressly waived and accepted service on Defendants' behalf. (*See* ECF No. 5-3.) Taking the factual allegations of the Complaint as true, Plaintiff has established legitimate claims and has provided a sufficient basis for the Court to determine the amount of damages and attorneys' fees and costs. Accordingly,

IT IS, on this 26th day of June 2017, **ORDERED** that:

1. Plaintiff's Motion for Default Judgment (ECF No. 6) is GRANTED.

2. Judgment is entered in favor of Plaintiff on all counts, in the amount of $139,047.20 in damages, $1,459.00 in attorneys' fees, and $400.00 in costs.

3. The Clerk of Court shall close this matter.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE